74767. IN THE INTEREST OF F. L. P.
(361 SE2d 43)

BIRDSONG, Chief Judge.

F. L. P., a child of 16 years, was tried for malice murder by the Juvenile Court and upon a finding of guilt of voluntary manslaughter, the juvenile court adjudicated F. L. P. a delinquent and at the disposition hearing the court placed F. L. P. in the custody of the Division of Youth Services for five years with confinement to a Youth Development Center for the first 18 months. His appointed attorney has filed this appeal on behalf of F. L. P., raising three asserted trial errors. *Held:*

1. In the first two enumerations of error, F. L. P. contends that the evidence was insufficient to withstand a motion for grant of directed verdict of acquittal at the conclusion of the State's evidence. The evidence when viewed in the light most favorable to the verdict of the factfinder (the trial court, there being no jury trial) shows the following: F. L. P. had moved in and was living with a woman several years his senior. His paramour's ex-boyfriend who had lived with the woman for approximately eight years prior to her cohabitation with F. L. P. apparently made numerous and continuing efforts to dislodge F. L. P. including threats, appearances with a shotgun and

threats against the woman. On the day of the homicide, F. L. P. and the woman were in bed together watching TV. The victim broke into the room and demanded that F. L. P. pay for a car windshield that he contended had been broken by F. L. P. Both the woman and F. L. P. demanded that the victim leave. The victim picked up a .410 shotgun that F. L. P. had placed in the room as protection against just such an eventuality. When the victim refused to leave, F. L. P. got up out of bed and dressed. He or the woman or both requested the victim to surrender the shotgun. The victim handed the shotgun to F. L. P. Both the woman and F. L. P. contended that immediately after surrendering possession of the shotgun to F. L. P. the victim inextricably took a small pocket knife from his pocket and sought to cut F. L. P. No knife as described by F. L. P. was found and the only knife was in the victim's pocket with the blade closed. An eyewitness (looking through a crack in the door) did not see a knife in the victim's hand but saw the victim walk toward F. L. P. with his hands up as if to fight. F. L. P. shot the victim in the middle of the chest from several feet. The victim fell immediately, moved only spasmodically, and died within moments.

The evidence offered by the State substantially established the above scenario. The defense's evidence amplified the evidence of previous threats and the knowledge of the victim's propensities and actions by F. L. P. F. L. P. did not dispute that he had shot the victim but defended solely on the ground that his actions were justified as being in defense of his person or his paramour. The trial court clearly stated its awareness of the justification theory as well as the application under the evidence of the lesser included offense of voluntary manslaughter.

We will not speculate as what evidence the trier of fact chose to believe or disbelieve. *Mills v. State*, 137 Ga. App. 305, 306 (223 SE2d 498). However, we are satisfied that the trial court could find beyond reasonable doubt that there was sufficient evidence at the conclusion of the evidence by the State to establish, if not malice murder, at least the crime of voluntary manslaughter. See *Hearn v. State*, 145 Ga. App. 469, 470 (243 SE2d 728). The additional evidence offered by the defense went solely to establish the affirmative defense of justification in self-defense. While there was certainly overwhelming evidence to establish apprehension on the part of F. L. P. that same evidence was more than sufficient to support a finding that the firing of the shotgun was done in the heat of passion. The law does not permit one to use deadly force to repel a lesser degree of force that one can only believe reasonably may cause some bodily harm less than serious bodily injury or death. *Brown v. State*, 139 Ga. App. 466, 467 (3) (228 SE2d 602). It is apparent the trial court rejected evidence of the use of a knife by the victim, not only from comments at the

hearing but manifestly so by virtue of the judgment of guilt. A motion for directed verdict of acquittal must be granted only where the evidence is not in conflict and that evidence demands the finding of not guilty. *Merino v. State*, 230 Ga. 604 (198 SE2d 311). As hereinbefore observed, the evidence before the juvenile court was sufficient to convince any rational trier of fact beyond reasonable doubt of the guilt of F. L. P. of voluntary manslaughter. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. In his last enumeration of error, F. L. P. contends the trial court erred in allowing a police officer to read into the record the transcript of a tape recorded statement made by F. L. P. to the witness, even though the tape was not before the court nor was it broadcast by the court. The trial court's stated reason for allowing the transcript to be read was to expedite the trial. The prosecutor in identifying the transcript established that the officer recorded the statement made by F. L. P. and thereafter caused the transcript to be made therefrom and checked it.

At trial, counsel for F. L. P. objected to the reading of the transcript on the ground the statement did not amount to a confession and thus was merely hearsay. Secondly, he contended the tape was the "best" evidence and the transcript was inadmissible as not being the "best" evidence of the recorded statement. On appeal, F. L. P. now for the first time raises the issue that no sufficient foundation was laid for the accuracy of the tape recorded statement or the accuracy of the transcript when compared against the tape.

As recently observed by this court, the "best" evidence rule has only limited application and may be used only in the context of a writing. We are not prepared to hold that the electronic recording of sound waves upon a magnetic tape is the equivalent of a writing. See OCGA § 24-5-5; *Willingham v. State*, 134 Ga. App. 603, 606 (3) (215 SE2d 521). Thus we again hold that the best evidence rule does not apply to a tape recorded statement. See *Bostic v. State*, 183 Ga. App. 430 (359 SE2d 201). The rule more nearly applicable deals with primary and secondary evidence. The tape constituted the primary evidence of the statement and the transcription of that tape the secondary version of the statement. As determined by the trial court, a reasonable necessity existed for the reading of the transcript rather than experiencing a delay caused by the additional effort of playing the tape before the court. OCGA § 24-5-3 authorizes in cases of manifest convenience, resting on principles of reason and justice, the use of secondary evidence in lieu of primary evidence. The trial court expressly found grounds of manifest convenience and we can discern no reason to disagree nor find an abuse of the court's exercise of discretion in making that finding. If counsel for F. L. P. desired to inquire further, the witness was present for cross-examination on that point.

Particularly do we note that no objection based upon an inadequate foundation was made. We will not entertain for the first time an objection made on appeal. *Mosley v. State*, 157 Ga. App. 578 (2) (278 SE2d 154.) "Furthermore, a distinction is to be drawn between illegal testimony and secondary evidence or other evidence which is legal in itself because it is of probative value but is inadmissible until the proper foundation for its reception has been laid. Hearsay testimony has no probative force whatsoever [cit.], and its only effect is to prejudice the party against whom it is offered. Evidence of a secondary nature, the only objection to which is that it was received without the preliminary foundation for its introduction being first laid, stands upon an altogether different footing; and if admitted without objection, it is to be treated as altogether competent, and the court may [fully consider it in its] relevancy and legal weight and effect." *Patton v. Bank of LaFayette*, 124 Ga. 965, 974 (7) (53 SE 664); see also *Harrison v. State*, 83 Ga. App. 367, 371 (64 SE2d 83). In this case the juvenile court found as a matter of law that the statement constituted a confession or at least an admission against interest. Clearly then we are not dealing with hearsay. It follows there was no error in the admission of the transcript of the tape nor in the consideration of it by the court.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 10, 1987.

*Michael D. Hill*, for appellant.
*John M. Ott, District Attorney*, for appellee.