75885, 75949. DEPARTMENT OF TRANSPORTATION v. SAMUELS; and vice versa.
(366 SE2d 181)

BANKE, Presiding Judge.

Samuels filed an inverse condemnation action against the Department of Transportation (DOT) on June 13, 1986, alleging that the DOT had, by declaration of taking, previously condemned certain land belonging to him without depositing into the registry of the court a sum of money sufficient to afford him just and adequate com-

pensation for the taking. The DOT moved to dismiss the complaint for failure to state a claim. Following a hearing, the trial court determined that an inverse condemnation action could not be maintained under the circumstances but apparently nevertheless left the case pending. The case is currently before us pursuant to our grant of the DOT's application for an interlocutory appeal. Samuels has filed a cross-appeal, enumerating as error those portions of the trial court's order which were favorable to the DOT.

The procedural posture of the case is somewhat muddled by the fact that most of the issues addressed in the trial court's order concern the separate condemnation proceeding referred to in the complaint, which was filed by the DOT in November of 1980. From the briefs of the parties and from the trial court's order in the present case, it is apparent that Samuels filed a timely appeal in that proceeding on the issue of value; however, that appeal was treated by the trial court in the present case as having been dismissed by operation of law pursuant to the so-called "five-year rule." See OCGA §§ 9-2-60 (b); 9-11-41 (e). In addition to filing the present inverse condemnation action, Samuels also filed a "renewed notice of appeal" in the original condemnation action pursuant to the authority of OCGA § 9-2-61 (a), which provides, in pertinent part, as follows: "If a plaintiff discontinues or dismisses his case and recommences the same within six months, the renewed case shall stand upon the same footing, as to limitation, with the original case."

As previously indicated, the trial court ruled that the present inverse condemnation action could not be maintained but nevertheless declined the DOT's invitation to dismiss it, evidently concluding that Samuels was entitled to litigate the issue of just and adequate compensation in the present action pursuant to his "renewed notice of appeal," even though the renewed notice of appeal pertained to the separate condemnation proceeding previously initiated by the DOT. *Held*:

1. We agree with the trial court that an inverse condemnation action cannot be maintained under the circumstances of this case. It is well-settled that once a condemnation proceeding has been initiated by a condemning authority, that proceeding establishes the exclusive avenue for litigating the issues of just and adequate compensation. See *Pye v. State Hwy. Dept.*, 226 Ga. 389, 398 (175 SE2d 510) (1979); *Best v. Ga. Power Co.*, 224 Ga. 669 (164 SE2d 125) (1968); *Fulton County v. Aronson*, 216 Ga. 497 (117 SE2d 166) (1960). If, in a condemnation action initiated pursuant to the declaration of taking procedure set forth at OCGA § 32-3-1 et seq., the condemnee fails to file a timely appeal on the issue of value (or, by implication, if the appeal is subject to dismissal for some other reason), the trial court is required to "enter judgment in favor of the condemnee and against

the condemnor for the sum of money deposited by the condemnor with the declaration of taking." OCGA § 32-3-13 (b). That award then becomes res judicata with respect to the issue of just and adequate compensation. Accord *Woodside v. Fulton County*, 223 Ga. 316, 319 (155 SE2d 404) (1967). The trial court's order is accordingly affirmed with respect to the court's determination that the present action for inverse condemnation action is not maintainable; however, to the extent that the court's order purports to leave the present action pending it is reversed, with direction that the court enter an order granting the DOT's motion to dismiss the complaint for failure to state a claim upon which relief may be granted.

2. Since the original condemnation case initiated by the DOT is not before us, we do not reach the issue of whether Samuels was entitled to file a renewed notice of appeal in that case pursuant to OCGA § 9-2-61 (a). However, we note that the issue in question was recently decided adversely to Samuels in *Adams v. Cobb County*, 184 Ga. App. 879 (363 SE2d 260) (1987).

3. We are similarly unable to address the remaining issues raised in the cross-appeal, since they, too, pertain to the original condemnation action rather than to the present action. However, with respect to the issue of the applicability of the "five-year rule" to appeals in condemnation cases, we again refer the parties and the trial court to *Adams v. Cobb County*, supra.

*Judgment affirmed in part and reversed with direction in part. Birdsong, C. J., and Beasley, J., concur.*

DECIDED FEBRUARY 3, 1988 —
REHEARING DENIED FEBRUARY 18, 1988 — 

*Michael J. Bowers, Attorney General, Charles A. Evans, Carl P. Fredericks*, for appellant.
*John M. Bovis, Charles N. Pursley, Jr.*, for appellee.