A89A0384. BROWN v. DEPARTMENT OF TRANSPORTATION.
(381 SE2d 532)

BANKE, Presiding Judge.

The Department of Transportation (DOT) instituted condemnation proceedings against 0.14 acres of land owned by Joseph D. Daniel and occupied by the appellant, A. H. Brown, Jr. d/b/a Econ-O-Wash Laundry, as a tenant. The owner, Daniel, was served on November 22, 1987, and on December 1, 1987, filed a timely notice of appeal on the issue of value. On December 11, 1987, Daniel filed a motion for disbursement of the funds which the DOT paid into the registry of the

court; and on December 14, 1987, the court entered a disbursal order allowing him to withdraw these funds. Two weeks later, on December 28, 1987, the appellant was served with a copy of the condemnation petition. More than 30 days later, on February 4, 1988, he filed a notice of appeal. On motion by the DOT, the trial court subsequently dismissed the appellant's appeal as untimely. See generally OCGA § 32-3-14. Thereafter, the appellant filed a motion to intervene in the proceedings, as well as a "Motion to Dismiss and Set Aside the Condemnation." The trial court denied the motion to dismiss and set aside the condemnation petition but allowed the appellant to intervene for the limited purpose of asserting "his claim to any funds paid pursuant to said condemnation," with the proviso that "said intervention shall not constitute an appeal in said case and [appellant] may not participate in the trial on the question of valuation." The case is now before us pursuant to our grant of the appellant's application for an interlocutory appeal. *Held*:

1. In *Department of Transp. v. Morris*, 186 Ga. App. 673 (368 SE2d 155) (1988), this court held that a property owner who had failed to file a timely notice of appeal after being served in a condemnation proceeding was nevertheless entitled to participate in an appeal on the issue of value subsequently filed by two other condemnees, who had not been served but who asserted an interest in the property pursuant to an oral tenancy. The court reasoned that since the issue of value was going to be tried anyway, "fundamental fairness" dictated that the condemnee who had not filed a timely appeal, but whose interests would of necessity be adjudicated at the trial on the issue of value, be allowed to participate. Id. at 675. Based on that decision, we hold that the appellant in the present case is similarly entitled to participate in the appeal filed by his co-condemnee on the issue of compensation. Accordingly, the judgment of the trial court is reversed insofar as it sought to exclude the appellant from such participation.

2. The appellant contends that because the funds paid into the registry of the court by the department had already been disbursed before he was served with a copy of the condemnation petition, the taking was invalid as to him and should have been set aside. This contention is without merit. OCGA § 32-3-17 (b) specifies: "After the filing of the declaration of taking and the payment of the fund into the registry of the court as provided for in Code Section 32-3-7, the petitioner shall not be concerned with or affected by any subsequent proceedings except as to the appeal and interlocutory petition provided for in Code Sections 32-3-14 and 32-3-15 respectively and concerning which the sole issue shall be as to the amount of just and adequate compensation." Pursuant to this Code section, any dispute between the condemnees over the ownership of the funds paid into

the registry of the court and the manner in which they were paid out did not affect the validity of the taking itself.

3. The appellant further contends that the condemnation petition and declaration of taking were void because they did not "adequately describe the lands and property rights taken since the exhibits and plats to Condemnor's petition are unclear and do not sufficiently define the property interests and rights to be taken." As the appellant has failed to disclose the nature of the alleged defect or defects in the property description, this contention presents nothing for review.

4. The appellant finally contends that the declaration of taking was defective in that it failed to state that the land was being taken for public use. This contention strikes us as frivolous, inasmuch as the condemnation petition, to which the declaration of taking was referenced, specified unequivocally that the land was being taken for highway purposes.

*Judgment affirmed in part and reversed in part. Sognier and Pope, JJ., concur.*

DECIDED APRIL 3, 1989 —
REHEARING DENIED APRIL 13, 1989 — 

*Dillard, Greer, Westmoreland & Wilson, Shawn D. Stafford,* for appellant.

*Sams, Glover & Gentry, Garvis L. Sams, Jr., Evans & Flournoy, Charles A. Evans,* for appellee.