A94A1233. PARDUE v. THE STATE.
(448 SE2d 768)

SMITH, Judge.

William Douglas Pardue was charged by accusation with the offenses of simple battery, OCGA § 16-5-23, and theft by shoplifting, OCGA § 16-8-14. The accusation was later amended to change the shoplifting charge to theft by taking, OCGA § 16-8-2. In a jury trial, the court directed a verdict on the theft charge, and the jury found Pardue guilty of simple battery. He appeals, contending that the trial court erred in denying his motion for a directed verdict as to this count. We affirm.

Pardue testified at trial that on November 28, 1992, he was on his way home from work about 5:30 p.m. when he saw a disabled truck at the side of the road. He recognized the driver, Jeff Dodd, whom he had not seen in approximately six years, and stopped to pick him up. He took Dodd home with him to see his family and his new house. When he was taking Dodd back to his home, Dodd asked him if he would stop at a convenience store so Dodd could buy a six-pack of beer. He did so, and he stayed in the car while Dodd went into the store to buy the beer. When Dodd returned, he was followed by another man, who pulled him out of the car and wrestled him to the ground. Pardue "hollered for him to quit, to get off of him" because he thought "he was going to kill my friend." The man did not release Dodd, however, and Pardue testified he struck him on the back of the head to get him to do so.

Sergeant First Class Grady Anthony Gayton of the Georgia National Guard testified that between 11:30 p.m. and midnight he left his home and went to a convenience store to buy soft drinks. A man later identified as Dodd was in front of him at the checkout counter. He heard Dodd arguing with the clerk about a six-pack of beer, which the clerk was insisting she could not sell to Dodd because it was after 11:45 p.m. After this, Gayton heard Dodd ask for a pack of cigarettes, then saw him grab the beer and run out the door. He chased Dodd, who jumped into the window of the waiting car. Dodd hit him, and he pulled Dodd out of the car, flipped him over in the air, and landed on

top of him. Pardue then came over and "said something . . . it may have been let him loose or let him go or something like that and he begin to hit me in the back of the head around the temple over my ear and behind the head here." Gayton testified that Pardue hit him "no less than five times, maybe six."

Pardue contends his motion for a directed verdict of acquittal on the simple battery charge should have been granted because he was justified in attacking Gayton under OCGA § 16-3-21 (a). That Code section provides, in pertinent part, that "[a] person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is necessary to defend himself or a third person against such other's imminent use of unlawful force."

"A motion for directed verdict of acquittal must be granted only where the evidence is not in conflict and that evidence demands the finding of not guilty. [Cit.]" *In the Interest of F. L. P.*, 184 Ga. App. 164, 166 (1) (361 SE2d 43) (1987). Pardue's motion for a directed verdict of acquittal was made at the conclusion of the State's case-in-chief and was not renewed at the close of the evidence. Given that the affirmative defense of justification was not raised until Pardue testified in his own defense, the trial court did not err by ruling that the requirements for granting a directed verdict had not been met.

Moreover, even if the motion had been renewed, the jury was authorized to reject Pardue's defense of justification. The jury was properly charged on justification, including an instruction that the State had the burden of showing that Pardue was *not* justified in attacking Gayton. There is no indication that the jury failed to consider this evidence, and they decided this issue against Pardue.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 21, 1994.

*Richard B. Thurman,* for appellant.
*Roger Queen, District Attorney,* for appellee.