A96A1653. JACKSON v. THE STATE.
(475 SE2d 680)

ELDRIDGE, Judge.

Appellant Willie "Frog" Jackson challenges the sufficiency of the evidence to sustain his Barrow County conviction for the offense of possession of a firearm by a convicted felon. The evidence before this Court demonstrates that at the time of the offense, the appellant, a

convicted felon, was the manager of a small bar in Bethlehem, Georgia. A woman the appellant knew came into the bar, along with her brother and her current boyfriend. The group had been at the bar for approximately an hour when a verbal altercation broke out between the woman and the appellant which resulted in the appellant telling the group to leave the bar; they complied. However, the appellant followed the group out into the parking lot. The verbal altercation turned physical with the appellant suffering a black eye; no weapons were involved.

Thereafter, although the fight was over, the appellant went back inside the club and got a double-barrel shotgun that appellant kept loaded behind the bar. An employee who had remained inside the bar begged the appellant to "let it go." The appellant replied that he had "told them time and time again not to come up here, so [he will] just do what [he has] to do." Appellant went back outside with the shotgun and pointed it at the group who had, by this time, gotten into their car and made it to the end of the driveway of the club. As appellant pulled the trigger, the employee, who had followed behind him, hit the shotgun and caused it to discharge into the air. The woman and her companions drove to a local resident's home and called the police.

At trial, appellant claimed justification on the basis that his bar had been plagued with drug dealers. Appellant testified that the woman and her companions were drug dealers who attacked him outside the bar when appellant asked them to leave. Appellant testified that the double-barrel shotgun belonged to his brother who had left it in the bar only the week before, and that although he had never called the police prior to this incident, appellant felt there was no other method to rid himself of drug dealers but to get the shotgun. With regard to the fight, appellant testified that although the drug dealers "had done to me what they was going to do to me before I went into the club," appellant went back into the club and returned with the double-barrel shotgun; that no one chased him into the bar; and that the alleged drug dealers were leaving the premises when he got the shotgun and fired it. Although appellant testified that at one point during the altercation he was "afraid for [his] life," appellant emphasized that he obtained the shotgun, not to protect himself, but to make the alleged drug dealers leave. Appellant's position was repeated by his attorney during closing argument: "[H]e's not saying, 'I took this gun out in self-defense.' He testified he didn't see anybody with a weapon. His sole purpose in going out there with a gun was to run these people off that he didn't feel like he could get rid of any other way."

In his challenge to the sufficiency of the evidence, appellant concedes that the evidence presented at trial was uncontroverted that

appellant, a convicted felon, was in possession of a firearm, but claims that the State failed in its burden to disprove his affirmative defense of justification. The trial court charged the jury on justification under OCGA § 16-3-20 pursuant to the appellant's request. No objection was made to the charge; the charge is not challenged herein; and the jury was permitted to consider whether the appellant's frustration with drug dealers justified his possession of a firearm, despite the fact that he is a convicted felon. The jury rejected appellant's justification argument and decided the issue against appellant. See *Pardue v. State*, 214 Ga. App. 690 (448 SE2d 768) (1994). Viewed in a light most favorable to upholding the jury's verdict, the evidence presented at trial was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the offense of possession of a firearm by a convicted felon. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 29, 1996.

*Kathleen J. Anderson*, for appellant.
*Timothy G. Madison, District Attorney*, for appellee.