A96A1275. BUTLER et al. v. GWINNETT COUNTY.
(479 SE2d 11)

RUFFIN, Judge.

In 1993, Gwinnett County ("the County") condemned portions of appellants' property for use in constructing an access lane to the Ronald Reagan Parkway. During the condemnation proceedings, appellants entered into consent decrees with the County regarding the amount they should be compensated for the taking. Pursuant to these decrees, the County paid each appellant a certain sum over and above the value of his or her condemned property, as appraised by the County.

In 1995, appellants filed this suit for damages, claiming primarily that negligent construction of the access lane has damaged their remaining property. Their complaint presents seven theories of recovery: negligent construction, nuisance, inverse condemnation, trespass, negligent misrepresentation, fraudulent inducement, and breach of contract. The County subsequently moved for summary judgment on each claim, arguing that appellants were compensated fully in the condemnation proceedings for damages flowing from the access lane construction. The trial court granted the County's motion and dismissed appellants' complaint. This appeal followed, and for reasons set forth below, we affirm.

In their sole enumeration of error, appellants argue that the trial court erred in granting summary judgment to the County. Summary judgment is appropriate when the court, viewing all the evidence and drawing all reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a

triable issue. [Cit.]" Id. Applying this standard, we conclude that summary judgment was proper on each of appellants' claims.

1. Appellants allege that negligent construction of the access lane damaged their remaining property by causing noise, pollution, erosion and other problems. Appellants further claim that this damage constitutes an "inverse condemnation," or a taking for which they have not been compensated.

When part of a tract of land is condemned, consequential damages to the remaining property must be recovered in the condemnation proceeding, which presents the "exclusive avenue for litigating the issues of just and adequate compensation. [Cits.]" *Dept. of Transp. v. Samuels*, 185 Ga. App. 871, 872 (1) (366 SE2d 181) (1988); see also *Wright v. MARTA*, 248 Ga. 372, 374-375 (283 SE2d 466) (1981). Consequential damages are those that "naturally and proximately arise to the remainder of the owner's property from the taking of the [condemned tract] and the devoting of it to the purposes for which it is condemned, including its proper maintenance and operation." *McArthur v. State Hwy. Dept.*, 85 Ga. App. 500 (69 SE2d 781) (1952).

Seeking to avoid preclusion due to the prior condemnation proceedings, appellants couch their damage claims in terms of "negligent or improper construction." As noted above, a condemnation proceeding "is conclusive as to all damages whether foreseen or not resulting from *proper construction* [of the improvement]." (Emphasis supplied.) *Fulton County v. Woodside*, 223 Ga. 316, 319 (1) (a) (155 SE2d 404) (1967). Damages caused by negligent or improper construction on condemned property, however, are recoverable in a suit separate from the condemnation proceeding. *Ga. Power Co. v. Jones*, 122 Ga. App. 614, 616 (2) (178 SE2d 265) (1970); *McArthur*, supra.

Reviewing the evidence in the record, we conclude that the damages sought by appellants in this suit were not caused by "negligent construction." Discussing the claimed negligence, appellants' expert testified as follows: "I'm not complaining or I'm not really talking about negligence in construction because as far as I know the construction was done exactly as it was planned and designed, so I'm not talking about the construction by the contractor, but the design for construction by whomever did that design. . . . Whoever designed this was in my opinion grossly negligent." As defined by their own expert, therefore, appellants' claimed damages have resulted not from improper construction on the condemned property, but from the overall manner in which the County chose to design and use the improvement.

Appellants argue that because the record presents evidence that the access road was negligently designed, a jury could find negligent or improper construction in this case. Yet, they point to no authority

equating such design complaints with the type of negligent construction authorizing an additional award of damages after a condemnation proceeding. From a policy perspective, allowing this claim to proceed will permit unending inverse condemnation and damage claims from property owners who decide, after construction, that the improvement's design impacts them in a way they did not anticipate. As noted by the trial court, "if we follow this logic . . . every time we get a higher traffic count, everybody is going to come in here with a new inverse condemnation action . . . and the condemnation actions will never be brought to an end because somebody can say 'Wait a minute. They put 25,000 cars a day instead of [18,000]. I'm going to have an expert to say that's beyond the magnitude and design of the road. It's caused me consequential damage.' And we're going to be constantly renewing cases where people have already taken settlements and gone home."

Appellants' claimed damages flow naturally and proximately from the County's decision to condemn this property and devote it to building and operating a highway access lane. Regardless of whether appellants anticipated these consequential damages, they were recoverable in the condemnation proceedings. See *Woodside*, supra. In fact, as evidenced by the amount of the condemnation award, which was greater than the County's appraised value for the condemned tracts, appellants did recover for such additional, consequential damages to their remaining property. No "negligent construction" or taking without compensation has been established here. The trial court properly granted the County summary judgment on appellants' negligent construction and inverse condemnation claims.

2. Appellants also contend that the pollution, noise, erosion and other results of the purported "negligent construction" act as a continuing nuisance and trespass on their remaining property. A county generally "is not liable to suit for any cause of action unless made so by statute." OCGA § 36-1-4. A county may be liable for damages, however, if it creates a condition on private property, such as a nuisance, that amounts to inverse condemnation or a taking without compensation. *Duffield v. DeKalb County*, 242 Ga. 432, 433 (249 SE2d 235) (1978).

As we concluded in Division 1, the alleged "negligent construction" and resulting conditions on appellants' remaining property do not constitute an inverse condemnation. Rather, appellants were compensated in the initial condemnation proceedings for such consequential damages, which flow from Gwinnett County's use of the condemned tracts. Appellants may not now seek additional recovery based upon nuisance or trespass.

3. Appellants further claim that the County negligently misrepresented facts about the condemnation and fraudulently induced

them to settle the original condemnation actions. Yet, they have cited no authority permitting suit against a county for negligent misrepresentation or fraudulent inducement. Accordingly, the trial court properly granted summary judgment on these claims. OCGA § 36-1-4.

4. Appellants' final cause of action rests in breach of contract.[1] Although their enumeration of error asserts that the trial court misapplied relevant breach of contract principles, appellants' briefs present no argument or citation of authority relating to this theory. Consequently, this claim of error is deemed abandoned. Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED DECEMBER 2, 1996 — 

*S. Robert Hahn, Jr.*, for appellants.
*Michael V. Stephens II, Caryl Sumner, Karen G. Thomas*, for appellee.

---

[1] The lower court's written order on summary judgment does not specifically discuss the breach of contract allegation. The order, however, disposes of all of appellants' claims, including the breach of contract argument.