A97A0639. ROGERS v. THE STATE.
(480 SE2d 368)

Judge Harold R. Banke.

Donnie T. Rogers was convicted of possession of methamphetamine and possession of drug-related objects. On appeal, he enumerates two errors, both related to the latter count, a misdemeanor. OCGA § 16-13-32.2 (b).

This case arose after Rogers handed a police officer a plastic bag containing a white powdery substance and was arrested. While searching Rogers at the jail, officers discovered a syringe in his right front pants pocket.

The officers disabled and photocopied the syringe, and then

destroyed it because the Georgia Crime Lab generally refuses to accept such dangerous objects. At trial, the State introduced the photocopy over Rogers' objections that the photocopy was not the best evidence of the syringe and its destruction prevented him from obtaining an independent examination. *Held*:

1. The trial court properly overruled Rogers' objection to the admission of the photocopy of the syringe under the best evidence rule. The best evidence rule applies only in the context of a writing. *In the Interest of F. L. P.*, 184 Ga. App. 164, 166 (2) (361 SE2d 43) (1987).

We agree with Rogers' contention, raised for the first time on appeal, that the photocopy was vulnerable to an objection under OCGA § 24-5-2 which requires proof "that the primary evidence for some sufficient cause is not accessible to the diligence of the party." The record indicates that the State could not have made such a showing. However, the grounds we may consider on appeal are limited to those presented to the trial court. *Carpenter v. Parsons*, 186 Ga. App. 3, 5 (366 SE2d 367) (1988); see *Kemira, Inc. v. Williams Investigative &c.*, 215 Ga. App. 194, 197 (1) (b) (450 SE2d 427) (1994) (secondary evidence admitted without objection is admissible).

2. We reject Rogers' contention that reversal is required because the destruction of the syringe deprived him of his right to have an independent examination of the evidence. Without question, criminal defendants are entitled " 'to have an expert of [their] choosing, bound by appropriate safeguards imposed by the Court, examine a piece of critical evidence whose nature is subject to varying expert opinion.' " (Citation omitted.) *Sabel v. State*, 248 Ga. 10, 17 (6) (282 SE2d 61) (1981). "The practice of destroying evidence without prior notice to the accused has been soundly denounced. [Cit.]" *Lang v. State*, 165 Ga. App. 576, 579 (4) (302 SE2d 683) (1983).

Under the facts in this case, however, reversal is not required. First, the *Sabel* due process safeguards are triggered only by a specific, rather than a general, request for potentially exculpatory evidence upon which to conduct an independent examination. *Carpenter v. State*, 167 Ga. App. 634, 637 (1) (307 SE2d 19) (1983). The record demonstrates that Rogers' request was not specific.

Second, the evidence was not "critical" within the meaning of *Sabel*. Rogers admitted that he possessed the syringe and does not dispute the fact that the object was a syringe. The offense, as charged in the indictment, required no proof that the syringe was actually used. OCGA § 16-13-32.2. Thus, the only disputed element of the offense was Rogers' intent to use the syringe. Rogers failed to show how an independent examination would have garnered exculpatory evidence of probative force sufficient to be considered "critical" on the element of his intent to use the syringe in the future. *Sabel*, 248 Ga.

App. at 18 (6). Under these circumstances, Rogers' misdemeanor conviction for possession of drug-related objects must be affirmed.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 24, 1997.

*Timothy J. Crouch*, for appellant.

*Stephen F. Lanier, District Attorney, Forrest K. Shealy, Assistant District Attorney*, for appellee.