A97A2339. LIL CHAMP FOOD STORES, INC. v. DEPARTMENT OF TRANSPORTATION.
(498 SE2d 94)

ANDREWS, Chief Judge.

Lil Champ appeals the trial court's award of $13,549 for its leasehold interest in land condemned by the Department of Transportation (DOT). For the reasons which follow, we affirm the judgment of the trial court.

This case arose when the DOT condemned .25 acres of land owned by Betty Miner. Lil Champ Food Stores leased from Miner a portion of the property used as a gas station and convenience store,

and Meadows, Inc. held an easement across the property.

The DOT filed a declaration of taking pursuant to OCGA § 32-2-6 and paid $156,600 into the registry of the court as the amount determined by its appraiser to be just and adequate compensation for the condemned property. Meadows, Inc. and Miner filed a timely notice of appeal, demanding a jury trial on the issue of damages. Lil Champ failed to file a notice of appeal within the time prescribed by OCGA § 32-3-14; but after time had expired for Lil Champ to file its own notice of appeal, it filed a motion to join in the appeal filed by Meadows, Inc. and Miner. Although the court allowed Lil Champ to join in the appeal, the court's order also provided that Lil Champ could participate in the condemnation proceedings only for as long as the appeal of Betty Miner remained pending.

Miner subsequently settled with the DOT. Accordingly, under the terms of the order, Lil Champ was no longer entitled to a jury trial, but was bound by the $156,600 appraisal.

After holding the hearing on the apportionment of the $156,600 between Miner and Lil Champ, the court awarded Lil Champ $13,549 which was the value of the leasehold equipment and fixtures. Lil Champ now appeals the court's determination as to the value of its interest in the condemned property and also claims it was entitled to a jury trial on the valuation of the taking.

1. Lil Champ's main argument on appeal is that the trial court erred in dismissing its appeal when Miner settled with the DOT. Lil Champ contends it was entitled to a jury trial on the valuation of its interest, despite the fact that it did not file a timely notice of appeal. We disagree.

The right to appeal to a jury from a declaration of taking is absolutely conditional upon the filing of a timely notice of appeal in the superior court. Not even the trial court is empowered to extend the time for filing a notice of appeal. *Dept. of Transp. v. Rudeseal*, 156 Ga. App. 712, 714 (276 SE2d 52) (1980). However, this Court has held that a condemnee who fails to file a timely notice of appeal after being served in a condemnation proceeding, may nevertheless join in an appeal filed by other condemnees. *Brown v. Dept. of Transp.*, 191 Ga. App. 321, 322 (381 SE2d 532) (1989); *Dept. of Transp. v. Morris*, 186 Ga. App. 673 (368 SE2d 155) (1988). The reasoning behind these decisions was that "since the issue of value was going to be tried anyway, fundamental fairness dictated that the condemnee who had not filed a timely appeal, but whose interests would of necessity be adjudicated at the trial on the issue of value, be allowed to participate. [Cit.]" (Punctuation omitted.) *Brown*, supra at 322; *Morris*, supra at 675.

Lil Champ contends that *Brown* and *Morris* do not make the untimely appeal dependent on the timely appeal. Lil Champ cites no

authority for this proposition and we find none. Rather, the language of the cases themselves shows that this Court intended for the untimely appeal to be allowed only because *the issue of valuation was going to be tried to a jury anyway* and since the condemnee who had not filed a timely notice *was going to have his interests adjudicated at trial*, fundamental fairness required that he be allowed to participate. *Brown*, supra; *Morris*, supra. Here, since Miner settled, the issue of valuation was not going to be tried to a jury and, therefore, there was no requirement that Lil Champ be allowed to participate in a trial. To rule otherwise would be to allow Lil Champ to do indirectly that which it cannot do directly. *Richmond County v. McElmurray*, 223 Ga. 440, 443 (156 SE2d 53) (1967).

2. In its next enumeration of error, Lil Champ claims the superior court erred when it dismissed Lil Champ's appeal in the order of October 10, 1996. This is inaccurate. As set out above, in this order the superior court *granted* the motion to join in the appeal, conditional on Miner's continued participation. To the extent that Lil Champ claims the court should have entered the order sooner, Lil Champ shows no harm arising from this delay, nor does it state how it would have proceeded differently if the order had been entered earlier. As Lil Champ fully participated in the proceedings up until the time Miner settled with the DOT, there was no harmful error.

3. Lil Champ also appears to be arguing that the court erred in finding its right to appeal was conditioned on Miner's participation and not on Meadows' participation. Lil Champ makes no argument and does not cite to any authority in support of this enumeration. In any event, there is no evidence that Meadows was to be paid for its interest from the $156,600 paid into court. Indeed, the record shows that it had no interest in the $156,600. The consent order for the disbursement of funds provided that the $156,600 was to be divided solely between the condemnees, Lil Champ and Miner. Meadows did not appear at the hearing and did not appeal the trial court's final judgment. Although Lil Champ has submitted an affidavit from Meadows' attorney stating that Meadows' claim had not been finalized, there is nothing in the record to show Meadows' claim is to be tried to a jury or that there are any further proceedings pending in the superior court on Meadows' claim. Rather, the evidence in the record showed that Meadows settled its claim for $2,200. Moreover, this affidavit was submitted after the hearing and after the court entered its order on the apportionment of the $156,600. "[T]he grounds we may consider on appeal are limited to those presented to the trial court." *Rogers v. State*, 224 Ga. App. 359, 360 (1) (480 SE2d 368) (1997).

4. Next, Lil Champ argues the trial court erred when it refused to hear evidence of business losses. It argues that even though it filed

no notice of appeal from the condemnation, it should have been allowed to introduce evidence at the hearing as to its business losses. Lil Champ also contends the DOT should have allowed for business losses in determining what was just and adequate compensation.

As previously discussed, "[i]f the owner, or any of the owners, or any person having a claim against or interest in the property is dissatisfied with the amount of compensation as estimated in the declaration of taking and deposited in court, as provided for in Code Section 32-3-7, such person or persons, or any of them, shall have the right, at any time subsequent to the filing of the declaration and the deposit of the fund into court, but not later than 30 days following the date of the service as provided for in Code Sections 32-3-8 and 32-3-9, to file with the court a notice of appeal, the same to be in writing and made a part of the record in the proceedings." OCGA § 32-3-14. "It is well-settled that once a condemnation proceeding has been initiated by a condemning authority, that proceeding establishes the exclusive avenue for litigating the issues of just and adequate compensation. [Cits.] If, in a condemnation action initiated pursuant to the declaration of taking procedure set forth at OCGA § 32-3-1 et seq., the condemnee fails to file a timely appeal on the issue of value . . . , the trial court is required to 'enter judgment in favor of the condemnee and against the condemnor for the sum of money deposited by the condemnor with the declaration of taking.' OCGA § 32-3-13 (b). That award then becomes res judicata with respect to the issue of just and adequate compensation." *Dept. of Transp. v. Samuels*, 185 Ga. App. 871, 872-873 (366 SE2d 181) (1988). Having failed to appeal within the requisite period of time, Lil Champ cannot now raise the issue of business losses.

Moreover, the DOT was not required to include business losses in its computation of just and adequate compensation. "Post-taking business losses can be recovered as a separate element in instances when the business belongs to a separate lessee or when the business belongs to the landowner and there is a total taking of the business. In either event, business losses are recoverable as a separate item only if the property is 'unique' and the loss is not remote or speculative." *Dept. of Transp. v. Acree*, 266 Ga. 336 (467 SE2d 319) (1996). Therefore, "business losses are pled as a separate element, apart from the valuation of the leasehold upon which the business is operated." *Bill Ledford Motors v. Dept. of Transp.*, 225 Ga. App. 548, 550 (484 SE2d 510) (1997). Accordingly, Lil Champ was required to file an appeal from the DOT's estimate of the fair market value and plead business losses as a separate element. Having failed to do so, Lil Champ cannot now complain that it should be able to recover more than the fair market value of the leasehold.

5. Lil Champ also argues the trial court erred when it awarded

Lil Champ nothing for its leasehold interest. "A leasehold interest is property for which the leaseholder is entitled to receive compensation when his interest is taken or damaged for a public purpose. The traditional measure of compensation is the market value of the leasehold for the remainder of the unexpired lease on the date of taking." (Citations omitted.) *Bill Ledford Motors*, supra at 549. "Generally, a leasehold has value to the lessee only if he is paying below-market rent and, to the extent that a fee is encumbered by a lease for below-market rent, it is of a correspondingly lesser value to the lessor." (Emphasis omitted.) *Fulton County v. Funk*, 266 Ga. 64, 65 (463 SE2d 883) (1995) (citing *MARTA v. Funk,* 263 Ga. 385, 387-388 (435 SE2d 196) (1993).

The trial court, after hearing the evidence, determined that Lil Champ was not paying below market rent and, therefore, the leasehold had no compensable value at the time of taking. An appellate court will not disturb fact findings of the trial court if there is any evidence to support them. *Decatur Co. v. Bowen*, 203 Ga. App. 84, 87 (1) (416 SE2d 304) (1992). Here, the record shows that the DOT's appraiser, after looking at the rent paid by eight comparable convenience stores, determined that the rent paid by Lil Champ was "a reasonable approximation of market rent." Accordingly, there was sufficient evidence to support the trial court's finding that Lil Champ was not paying below market rent; therefore, the trial court did not err in finding the leasehold had no compensable value. *Fulton County*, supra at 64.

6. Lil Champ also argues the trial court erred in failing to award the full value of its real and personal property taken. The trial court awarded Lil Champ $13,549 for the value of the leasehold equipment and fixtures. The DOT's appraiser had appraised the value of the "gasoline service equipment and trade fixtures" to be $13,549. Lil Champ claims the trial court should have awarded another $30,479 for other "improvements." Lil Champ does not specify what these "improvements" are, but the record shows that the appraiser listed two lighted metal canopies, one concrete pump island, lighted signs on metal pole, 1,700 square feet of concrete paving, and 8,000 square feet of asphalt paving as equaling $30,479.

Lil Champ's lease provided that "[a]ll alterations or additions to the premises, which become a part of the realty, . . . including gas tanks, cooler doors, gas islands and all connections and canopy, . . . shall remain for the benefit of the Lessor." But Lil Champ contends that since it had 15 years remaining on its lease, at which time ownership of these items would revert to Miner, these improvements would have no salvage value. Lil Champ argues that since it would have used up the entire value of these items during its lease, the entire value of these items should be awarded to Lil Champ. It cites

no authority in support of this argument; moreover, there was testimony at the hearing as to the age and condition of these improvements and Miner testified that at the end of the lease she expected to be able to get the benefit of the items described above. Under the "any evidence" standard, the court was entitled to find that Lil Champ should not be compensated for improvements which would revert to Miner at the end of the lease. *Decatur Co.*, supra at 87.

7. Lil Champ also claims the trial court erred by allowing the DOT to participate in the hearing. Lil Champ does not cite to, and we do not find, anywhere in the transcript of the hearing where Lil Champ objected to the DOT's participation. Indeed, at one point, Lil Champ's attorney stated it was their position that the DOT still had the burden of proof at the hearing. As the grounds we may consider on appeal are limited to those presented to the trial court, this enumeration of error is without merit. *Rogers v. State*, 224 Ga. App. 359, 360 (480 SE2d 368) (1997).

8. Next, Lil Champ argues the trial court erred in admitting the deposition and appraisal of the DOT's appraiser. Lil Champ's main contention seems to be that the admission of the deposition and appraisal violated the rules of evidence because the appraiser was not present at the hearing to be cross-examined.

OCGA § 9-11-32 (a) provides that a deposition may be introduced if the witness is unavailable to testify and the opposing party was present or represented at the taking of the deposition. Whether or not to admit the deposition testimony is left to the sound discretion of the trial court. *Atlanta Coca-Cola &c. Co. v. Rosser*, 250 Ga. 52, 54 (295 SE2d 827) (1982).

The testimony at the hearing was that the appraiser was out of the state; accordingly, under OCGA § 9-11-32 (a) (3) (B), the trial court could properly admit the deposition testimony. As to the court's decision to admit the appraisal, it was produced at the appraiser's deposition and Lil Champ had the opportunity to question the appraiser about the appraisal. Moreover, Lil Champ can show no harm in the admission of the appraisal as the information in the appraisal was merely cumulative to the appraiser's deposition testimony.

9. In its last enumeration of error, Lil Champ argues the trial court "erred in its understanding of the nature of the proceedings, thus tainting its opinions and rulings." In light of our holding above, we need not address this enumeration because we have held the trial court did not err in any of its rulings nor in its understanding of the nature of the proceedings.

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 23, 1998

*Portman & Felser, Barnard M. Portman, Paul H. Felser*, for appellant.

*Thurbert E. Baker, Attorney General, Newton, Smith, Durden, Kaufold & Rice, Wilson R. Smith, Beckmann & Lewis, Leo G. Beckmann, Jr., George A. Waters*, for appellee.