A06A2489. DEPARTMENT OF TRANSPORTATION v. CAMVIC CORPORATION et al.

(644 SE2d 171)

PHIPPS, Judge.

In this interlocutory appeal, the Georgia Department of Transportation (DOT) challenges the denial of its motion seeking to bar a claim for business loss damages. For reasons that follow, we affirm.

The superior court granted the DOT's petition under OCGA § 32-3-1 et seq. to acquire certain real property owned by Camvic Corporation. The taking reduced access to and the number of parking spaces at a building situated on the acquired property, wherein CVS Corporation and Stockbridge CVS, Inc. (collectively, CVS) were leasing space for a store. Camvic and CVS timely filed notices of appeal for a jury trial on the issue of just and adequate compensation. CVS's notice of appeal pertinently stated that it was "dissatisfied with the amount of compensation deposited into the Court's registry by DOT and with DOT's valuation of the property, including the value of the interests of [CVS], and dispute[d] that the valuation is appropriate."

Thereafter, the DOT asked CVS in an interrogatory whether it was contending that it had suffered "any loss of, injury to, or diminution of business as a result of this condemnation action." In June 2004, CVS responded in the affirmative. The DOT later deposed the Regional Director of Real Estate, CVS Pharmacy, specifically on CVS's contention of such loss.

Subsequently, in an April 2005 consent judgment signed by attorneys representing the DOT, Camvic, and CVS, the parties thereto agreed that

> Camvic Corp. has been justly and adequately compensated for all of its property rights put in issue by this condemnation proceeding, and CVS has been justly and adequately compensated for its leasehold interest and all other property rights put in issue by this condemnation proceeding, except for CVS's claims for business loss, damages to trade fixtures and relocation expenses.

The consent judgment provided that "[t]he appeal of CVS will proceed to trial on CVS's claims for business loss, damages to trade fixtures and relocation expenses" and also set forth the DOT's contention that CVS had not suffered any compensable business loss.

But about nine months later, shortly before the scheduled trial date, the DOT filed a "motion in limine to exclude evidence of business losses," taking the position that CVS could not proceed to trial on its claim for business loss on the ground that CVS had failed to specifically and separately plead for such relief in the notice of appeal. The DOT cited *Lil Champ Food Stores v. Dept. of Transp.*[1] and *Bill Ledford Motors v. Dept. of Transp.*[2]

The superior court noted that the DOT had actual notice of CVS's claim for business loss damages, rejected the DOT's argument that the cited cases barred recovery of business loss damages by CVS, and thus denied the motion. The DOT challenges the denial of its motion.

1. Where, as here, a party's own action assisted in producing a judgment, order, or ruling, generally, that party will not be heard to complain about it on appeal.[3] The record confirms that the DOT was alerted some 18 months before filing its motion that CVS was seeking to include business loss damages as part of its claim for just and adequate compensation. The DOT did not contest the sufficiency of the notice of appeal, but instead participated by way of a consent

---

[1] 230 Ga. App. 715 (498 SE2d 94) (1998).

[2] 225 Ga. App. 548 (484 SE2d 510) (1997).

[3] See *Carnett's, Inc. v. Hammond*, 279 Ga. 125, 130 (6) (610 SE2d 529) (2005).

judgment in procuring a ruling that CVS's claim for business loss was reserved for a jury trial. "In the absence of fraud or mistake, a party cannot complain of a judgment, order, or ruling that his own conduct produced or aided in causing."[4] Having shown neither fraud nor mistake underlying the consent judgment that CVS would proceed to trial on the issue of business loss damages, "[the DOT] will not now be heard to complain on appeal about the resulting [posture of the case] that [its] own actions assisted in creating."[5]

2. The DOT contends that, even in the face of the consent judgment, the superior court had no statutory authority to rule that CVS could pursue business loss damages at trial. It further argues that *Bill Ledford Motors* and *Lil Champ Food Stores* created an unwaivable rule that, if a party claiming an interest in property condemned under OCGA § 32-3-1 et seq. fails to specifically and separately assert a claim for business loss in its notice of appeal, that party is thereafter barred from recovering business loss damages.

(a) First, we address the parties' disagreement concerning the applicable standard of review. The DOT argues that the abuse of discretion standard applies, pointing out that this appeal stems from a ruling on a motion "specifically styled by DOT as a Motion in Limine to exclude evidence." However, pleadings, motions, and orders are construed according to their substance and function and not merely by nomenclature.[6] Applying this rule of construction, we conclude that the gist of the DOT's motion was that CVS was procedurally barred from recovering business loss damages on the ground that the notice of appeal was insufficient. Notwithstanding the fact that the motion further sought to exclude business loss evidence, a motion in limine, which seeks to prevent the introduction of evidence, is not an appropriate vehicle to test the sufficiency of a notice of appeal.[7] As CVS correctly argues, the essence of this contention is whether the superior court erred in finding no requirement that business losses must be specifically and separately pled in the notice of appeal; and because this contention presents a question of law, the applicable standard of review is plain error.[8]

(b) Turning to the DOT's contention that the superior court lacked statutory authority to rule that CVS could pursue business loss damages at trial, we consider key statutory provisions. OCGA

---

[4] *Jackson v. Neese*, 276 Ga. App. 724, 725 (1) (624 SE2d 139) (2005) (citation omitted).

[5] *Wiederhold v. Wheeler*, 266 Ga. App. 178, 180 (596 SE2d 703) (2004).

[6] *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006).

[7] See generally *Buck's Service Station v. Dept. of Transp.*, 259 Ga. 825, 826 (1) (387 SE2d 877) (1990) (motion in limine not appropriate vehicle to test sufficiency of evidence).

[8] *Suarez v. Halbert*, 246 Ga. App. 822, 824 (543 SE2d 733) (2000).

§ 32-3-14, setting forth requirements concerning the filing of a notice of appeal in a condemnation proceeding pursuant to OCGA § 32-3-1 et seq., provides:

> If the owner, or any of the owners, or any person having a claim against or interest in the property is dissatisfied with the amount of compensation as estimated in the declaration of taking and deposited in court, as provided for in Code Section 32-3-7, such person or persons, or any of them, shall have the right, at any time subsequent to the filing of the declaration and the deposit of the fund into court, but not later than 30 days following the date of the service as provided for in Code Sections 32-3-8 and 32-3-9, to file with the court a notice of appeal, the same to be in writing and made a part of the record in the proceedings.

Notably, this Code section contains no express requirement that a party seeking to recover business loss must so specify in the notice of appeal.

The legislature directed in OCGA § 32-3-16 (a), "After the notice of appeal has been filed as provided in Code Section 32-3-14, it shall be the duty of the court . . . to cause an issue to be made and tried by a jury as to the value of the property or interest taken and the consequential damages to property or interests not taken. . . ." And in OCGA § 32-3-16 (b), the legislature instructed:

> When an appeal has been filed pursuant to Code Section 32-3-14, all subsequent proceedings thereon shall have the nature of a de novo investigation with the right of either party . . . to introduce evidence concerning: (1) The fair market value of the property or interest taken or other evidence of just and adequate compensation; (2) The prospective and consequential damages to the remaining property or interests by reason of the taking and use of the property or interest for the purposes for which taken; and (3) The consequential benefits accruing to such remaining property or interests by reason of such taking and use. . . .

Finally, OCGA § 32-3-17.1 provides:

> All questions of law arising upon the pleadings or in any other way arising from the cause, subsequent to the filing of the declaration of taking and the deposit of the fund, and subsequent to the filing of notice of appeal, if any, shall be passed on by the presiding judge who may, from time to time,

make such orders and give such directions as are necessary to speed the cause, and as may be consistent with justice and due process of law. . . .

Had the legislature intended to mandate that a party seeking to recover business loss damages must so specify in a notice of appeal, it could have so stated. It has not, and we will not create such a rule. It follows, then, that there is no prerequisite that a superior court find a specific and separate plea for business loss damages in a party's notice of appeal before causing an issue to be made and tried by a jury regarding such damages; that a superior court is authorized to enter an order giving directions on a trial for business loss damages, even where there is no specific and separate claim for such damages in the notice of appeal; and that at the jury trial thereafter, the party seeking business loss damages may present evidence concerning its interest taken or other evidence of just and adequate compensation. Thus, there is no merit in the DOT's contention that the consent judgment entered in this case was without statutory authority.

(c) There is also no merit in the DOT's argument that the cases of *Bill Ledford Motors* and *Lil Champ Food Stores* stand for the proposition that the failure to specifically and separately plead business loss damages in the notice of appeal bars recovery of such damages. Although the leaseholders in those cases were barred from presenting business loss evidence, the circumstances that gave rise to those evidentiary exclusions are simply not present in the instant case.

(i) The case of *Bill Ledford Motors* was an interlocutory appeal presenting the sole question "whether the trial court correctly determined that 'it is not permissible for an expert to base an opinion of the *leasehold value* of unique property on the profits and/or business value of the property.' "[9] There, an operator of motor vehicle dealerships upon leased land sued the DOT, claiming that dust and dirt from the DOT's nearby construction had diminished the value of its *leasehold*.[10] The operator sought to measure the lost value of the *leasehold* with evidence of profits lost by the business during the construction period.[11] In considering the DOT's motion in limine concerning this evidence, this court determined that evidence of business loss was admissible for the limited purpose of demonstrating a diminution in the fair market value of the *leasehold*, but

---

[9] Supra at 548 (emphasis supplied).
[10] Id.
[11] Id. at 548-549.

inadmissible "for the purpose of recovering for the loss of business."[12] The reason for such inadmissibility was that "it [was] undisputed that [the leaseholder] did not seek *business losses as a separate element of damages* and proffered no evidence of business loss to support a *separate*, compensable element of damages."[13]

Unlike the circumstances there, no issue regarding the value of the *leasehold* remains here. The consent judgment shows that the DOT and CVS agreed that "CVS has been justly and adequately compensated for its leasehold interest." Unlike the leaseholder in *Bill Ledford Motors*, CVS *is* seeking business losses as a separate element of damages and *is* seeking to present evidence of business loss to support a separate, compensable element of damages.

Nevertheless, the DOT points to language in that case that "[r]ecovery on the basis of damage to the actual business, itself, as opposed to the real estate, must be pled as a separate item of recovery"[14] and that "business losses are pled as a separate element, apart from the valuation of the leasehold upon which the business is operated."[15] However, this language does not impose upon a party seeking business loss damages any requirement to specifically and separately set forth a plea therefor *in the notice of appeal*. Moreover, the record in this case confirms that during discovery, the DOT sought more particularity with respect to CVS's alleged damages and CVS clarified that its claim for just and adequate compensation included business loss damages — separate from the value of the leasehold. And as memorialized by the consent judgment, the superior court caused an issue to be made for trial with respect to such damages. Contrary to the DOT's argument, *Bill Ledford Motors* does not preclude CVS from recovering business loss damages or from introducing business loss evidence on the ground that it did not specifically and separately plead for such damages in the notice of appeal.

(ii) In *Lil Champ Food Stores*, the operator of a store located in a leased portion of property condemned by the DOT failed to file a notice of appeal within the time prescribed by OCGA § 32-3-14.[16] It therefore moved to join in the appeal that had been timely filed jointly by the property owner and the holder of an easement across the

---

[12] Id. at 551 (b).
[13] Id. (citation omitted; emphasis supplied).
[14] Id. at 549 (a).
[15] Id. at 550.
[16] *Lil Champ Food Stores*, supra at 715-716.

property, which appeal demanded a jury trial on the issue of damages.[17] The trial court ordered that the store operator could participate in the condemnation proceedings, but only for as long as the property owner's appeal remained pending.[18] The property owner subsequently settled for the amount paid into the court's registry; and under the terms of the court's prior order, the leaseholder was no longer entitled to a jury trial on the amount of damages, but was bound by the settlement.[19] The court apportioned to the leaseholder an amount, which was the value of the leasehold equipment and fixtures.[20] The leaseholder appealed to this court, challenging the determination of the value of its interest in the condemned property.[21] Among other arguments, it claimed that the trial court erred when it refused to hear evidence of its business losses.[22] We affirmed the trial court, concluding that the store operator's failure to timely appeal barred it from raising on appeal to this court the issue of business losses.[23]

The case of *Lil Champ Food* is inapposite to the instant one. Unlike the leaseholder in that case, CVS filed a notice of appeal within the time prescribed by OCGA § 32-3-14.

Nevertheless, the DOT points to language in *Lil Champ Food* that the leaseholder there "was required to file an appeal from the DOT's estimate of the fair market value and plead business losses as a separate element."[24] But this language does not impose upon a party seeking business loss damages any requirement to specifically and separately set forth such a claim *in the notice of appeal*. Moreover, in the instant case, the superior court's order that CVS's claim for business loss damages would be heard by a jury was with the DOT's consent. Contrary to the DOT's argument, *Lil Champ Food Stores* does not preclude CVS from recovering business loss damages or from introducing business loss evidence on the ground that it did not specifically and separately plead for such damages in the notice of appeal.

(iii) In summary, we find no legislative requirement that, in a condemnation proceeding, a party seeking business loss damages must specifically and separately plead for such in the notice of appeal. Had the General Assembly intended to mandate that, it could have;

---

[17] Id. at 716.
[18] Id.
[19] Id.
[20] Id.
[21] Id.
[22] Id. at 717 (4).
[23] Id. at 718.
[24] Id.

it has not, and we will not. Nothing within either *Bill Ledford Motors* or *Lil Champ Food Stores* is properly read as engrafting such a requirement into OCGA § 32-3-14 or any other provision within OCGA § 32-3-1 et seq. The superior court was authorized to enter the consent judgment, and the DOT, having expressly assisted in its procurement, is bound by it. In accordance with the consent judgment, "the appeal of CVS will proceed to trial on CVS's claims for business loss, damages to trade fixtures and relocation expenses."

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED MARCH 19, 2007.

*Thurbert E. Baker, Attorney General, R. O. Lerer, Senior Assistant Attorney General, Power & Cooper, Warren R. Power, Michael P. Bain,* for appellant.

*Troutman Sanders, John P. Hutchins, Christopher A. Wiech,* for appellees.