# Court of Appeals
# of the State of Georgia

ATLANTA,___May 04, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16D0328.  JEAN B. ST. FELIX v. BAYVIEW LOAN SERVICING, LLC.**

This case began as a dispossessory proceeding in magistrate court.  After an adverse ruling, defendant Jean B. St. Felix appealed the magistrate court's decision to the superior court.  On March 9, 2016, St. Felix filed a voluntary dismissal without prejudice.  The superior court entered an order on March 10, 2016, in which it dismissed St. Felix's appeal, stated that the magistrate court's writ of possession remained in full force and effect, and ordered the disbursement of funds paid into court registry to Bayview.  On March 14, 2016, St. Felix filed a document entitled "Objection to Order and Memorandum of Law," in which he challenged the trial court's order of dismissal on the ground that it should have had the effect of vacating the magistrate court's writ of possession.  The trial court construed St. Felix's pleading as a motion for reconsideration and denied it on March 28, 2016.  St. Felix filed his application for discretionary appeal on April 4, 2016, seeking review of the trial court's order.

Although an application for discretionary appeal generally may be filed within 30 days of entry of the order sought to be appealed, the underlying subject matter of an appeal controls over the relief sought when determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994).  The underlying subject matter of this case is a dispossessory proceeding. And, pursuant to OCGA § 44-7-56, an appeal in such a case must be filed within seven days of entry of the judgment.  Here, the superior court's order of dismissal was entered on March 10, 2016, and St. Felix filed his application 25 days later, on April 4, 2016, rendering it untimely.

The trial court properly construed St. Felix's objection to its order as a motion for reconsideration. "[P]leadings, motions, and orders are construed according to their substance and function and not merely by nomenclature." See *Dept. of Transp. v. Camvic Corp.,* 284 Ga. App. 321, 323 (2) (a), (644 SE2d 171) (2007). In its order, the trial court reconsidered its prior ruling dismissing the case and denied the motion. St. Felix's application was filed within seven days of the order of March 28, but the denial of a motion for reconsideration is not directly appealable nor does it extend the deadline for appealing the underlying order, which in this case was the prior order dismissing the case. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000).

Under these circumstances, we lack jurisdiction to review St. Felix's application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*_____05/04/2016_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*