# Court of Appeals
# of the State of Georgia

ATLANTA,  December 12, 2016

*The Court of Appeals hereby passes the following order:*

**A17A0201.  HOLLI HOTCHKISS v. STONECREST ACQUISITIONS, LLC.**

This case began as a dispossessory proceeding in magistrate court, in which Stonecrest Acquisitions, LLC, sought and obtained a writ of possession against Holli Hotchkiss.  Hotchkiss did not appeal the magistrate court decision, but rather filed a "Verified Petition to Void Judgment, Injunction Relief, Punitive Damages, Jury Trial Demand" in the superior court seeking relief from the writ of possession entered in favor of Stonecrest by the magistrate court.  The superior court entered summary judgment in favor of Stonecrest.  Hotchkiss then filed an "Emergency Motion to Vacate Order," which the superior court denied.  Hotchkiss filed this direct appeal from that order.  We, however, lack jurisdiction.

Hotchkiss's superior court petition was essentially a request for de novo review of the magistrate court's order.  See *Dept. of Transp. v. Camvic Corp.*, 284 Ga. App. 321, 323 (2) (a) (644 SE2d 171) (2007) ("pleadings, motions, and orders are construed according to their substance and function and not merely by nomenclature").  "[A]ppeals from decisions of the superior courts reviewing decisions of lower courts by certiorari or de novo proceedings shall be by application for discretionary appeal."  *Bullock v. Sand*, 260 Ga. App. 874, 875 (581 SE2d 333) (2003) (punctuation omitted); see also OCGA § 5-6-35 (a) (1).  An application for appeal is required when the "underlying subject matter" is listed in OCGA § 5-6-35 (a), and therefore, "the discretionary application procedure must be followed, even when the party is appealing a judgment or order that is procedurally subject to a direct appeal under OCGA § 5-6-34 (a)."  *Rebich v. Miles*, 264 Ga. 467, 468 (448 SE2d 192) (1994).  "Otherwise, any party could avoid the discretionary review procedure

by seeking relief, however inappropriate, that would trigger the right to a direct appeal." Id. at 469. Therefore, because Hotchkiss did not follow the proper procedure for requesting appellate review in this case, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,  12/12/2016  *
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*