A03A1775. WIEDERHOLD et al. v. WHEELER et al.
(596 SE2d 703)

MILLER, Judge.

Harmut Wiederhold and others (hereinafter collectively "Wiederhold") appeal from the trial court's order entering judgment against Wiederhold and in favor of the appellees[1] in the amount of $350,000 based on a settlement agreement that Wiederhold moved to enforce, and a $350,000 consent judgment signed by Wiederhold. On appeal Wiederhold now attempts to claim, among other things, that the settlement agreement was too indefinite to enforce, and that the trial court erred in failing to treat the settlement agreement that Wiederhold moved to enforce as a novation of a prior settlement agreement with which Wiederhold had failed to comply. We discern no error and affirm.

The record reveals that on June 7, 2000, Wiederhold entered into a "Mutual Release, Settlement Agreement, and Covenant Not To Sue" (hereinafter the "First Settlement Agreement") with Wheeler to resolve certain litigation between them. Pursuant to the First Settlement Agreement, Wiederhold was required to make two payments to Wheeler, amounting to a total of $250,000 plus interest. The First Settlement Agreement further required Wiederhold to make payments on a note in favor of Commercial Bank of Georgia (the "CBG Note").

---

[1] Appellees are Anita Wheeler, The Wheeler Group, Inc., and Wheeler Management, Inc., and shall hereinafter collectively be referred to as "Wheeler."

When Wiederhold failed to make one of the payments pursuant to the First Settlement Agreement (and failed to make payments pursuant to two subsequent modifications to the agreement), Wheeler sued Wiederhold for breaching the First Settlement Agreement. In an attempt to resolve the case, on January 31, 2002, Wheeler entered another settlement agreement with Wiederhold (the "Second Settlement Agreement"). Under the Second Settlement Agreement, Wiederhold agreed (1) to pay Wheeler $15,000 on or before February 11, 2002, (2) to pay an additional $190,000 to Wheeler by March 22 (or only $185,000 if paid on or before March 1), (3) to sign a consent judgment within five days of the settlement in the amount of $350,000 plus twelve percent interest accruing from March 22 through the date of collection (which judgment would not be filed unless Wiederhold failed to make timely payments), and (4) that the payment procedures under the Second Settlement Agreement would remain consistent with the terms of the First Settlement Agreement. The parties further agreed to sign mutual releases upon satisfaction of the payments to be made under the Second Settlement Agreement. At no point was there any mention in the Second Settlement Agreement that such agreement was meant to supersede the terms of the First Settlement Agreement.

Wheeler did not receive a signed consent judgment from Wiederhold within five days and did not receive the $15,000 payment that was due on February 11. In addition, Wiederhold refused to acknowledge the continued existence of the term from the First Settlement Agreement that required Wiederhold to make payments on the CBG Note, arguing that the Second Settlement Agreement superseded the terms of the First Settlement Agreement. On February 14, 2002, Wiederhold moved to enforce the Second Settlement Agreement and paid $15,000 into the registry of the court, and on March 28 Wheeler moved to compel Wiederhold to sign the consent judgment pursuant to the terms of the Second Settlement Agreement.

On June 25, 2002, the trial court (1) granted Wiederhold's motion to enforce the Second Settlement Agreement, (2) ordered Wiederhold to sign the $350,000 consent judgment, and (3) concluded that the terms of the First Settlement Agreement were not superseded by the Second Settlement Agreement. When Wiederhold still failed to sign the consent judgment after having been ordered to do so, Wheeler filed a motion for contempt on August 2, 2002. On September 4, Wiederhold responded with a motion for clarification of the court's June 25 order, and filed with the motion, under seal, a signed copy of the $350,000 consent judgment.

The court denied the motion for contempt on the ground that the June 25 order did not specify a time within which Wiederhold was required to sign the consent judgment. However, the court also stated

that, pursuant to its June 25 order, Wiederhold was supposed to comply with the terms set forth in the Second Settlement Agreement. The court entered a $350,000 judgment against Wiederhold, and Wiederhold appeals.

As a preliminary matter, we hold that all of Wiederhold's enumerations purporting to challenge the validity of the Second Settlement Agreement and the entry of the consent judgment against him are without merit. Indeed, *Wiederhold* moved to enforce the Second Settlement Agreement and further signed the $350,000 consent judgment pursuant to the terms of that agreement. He will not now be heard to complain on appeal about the resulting judgment that his own actions assisted in creating. See, e.g., *Hall v. VNB Mtg. Corp.*, 170 Ga. App. 867 (318 SE2d 674) (1984).

To the extent that Wiederhold claims that the trial court erred in concluding that the Second Settlement Agreement did not constitute a novation (by superseding the terms of the First Settlement Agreement) we hold that such argument is without merit as well.

> A novation is itself a new contract and must have the following essential elements: (1) a prior valid obligation, (2) the agreement of all parties to the new contract, (3) the extinguishment of the old contract, and (4) the validity of the new contract. If any of the essential elements is lacking, there is no novation.

(Citations omitted.) *Beasley v. Agricredit Acceptance Corp.*, 224 Ga. App. 372, 373-374 (1) (480 SE2d 257) (1997). Here, there is no evidence that Wheeler and Wiederhold intended to extinguish the First Settlement Agreement pursuant to the terms of the Second Settlement Agreement, and therefore there was no novation. See id. The trial court did not err.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MARCH 10, 2004.

*Weinstock & Scavo, Louis R. Cohan,* for appellants.
*Krevolin & Horst, Jeffrey D. Horst,* for appellees.