### A08A0280. HARWELL et al. v. HARWELL.
(665 SE2d 33)

PHIPPS, Judge.

This litigation is between four brothers (referred to collectively as the parties). Their parents are deceased. After their mother died intestate, their father petitioned the probate court for year's support from her estate. A caveat to the petition was filed by three of the brothers (the caveators). The year's support litigation was concluded by two probate court orders, a "partial final order" and a "final order." The father later died testate, naming the fourth brother as executor of his will. A petition to probate the father's will in solemn form was filed by the fourth brother (the petitioner). The other three brothers filed a caveat to the will, objecting to their father's appointment of the petitioner as executor on the ground that in the year's support proceeding their father had agreed to appoint a neutral third party as his executor in a provision in a settlement agreement that was incorporated into the partial final order (but not the final order).

The probate court denied the caveat to the will on the ground that the partial final order in the year's support proceeding had been set aside and declared null and void. The caveators appealed the probate court's decision to the superior court. The superior court awarded summary judgment to the petitioner on the ground that, even if the partial final order remained valid, it had been superseded by the final order. The caveators now appeal to this court. We reverse.

---

[9] See *Jones*, supra.
[10] See *In the Interest of M. K.*, 288 Ga. App. 71, 74 (2) (653 SE2d 354) (2007); *Bowers*, supra at 271.

On appeal from the denial or grant of summary judgment, the appellate court conducts a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1] The facts here are undisputed.

The probate court entered the partial final order in the year's support proceeding on August 24, 1999. The introductory part of the order stated that it was a consent order. Paragraph 1 identified the parties' mother's estate as consisting of certain property, including an undivided interest with the father in certain antique furnishings. Paragraph 2 described other property interests of the parties' parents. Paragraph 3 awarded certain of the mother's property interests to the father as year's support. In paragraph 4, the probate court approved the parties' proposal as to the division of other property. Paragraph 5 approved a proposal by the parties to grant the caveators certain easement and reversionary interest rights to property in which the father retained a life estate, with the precise boundaries to be approved by the court after the property was surveyed. Paragraph 6 provided for the inspection and appraisal of the antique furnishings and possibly a hearing to determine disposition. In paragraph 7, the father agreed to provide in his will for the appointment of a cousin, Jimmy Pennington, as the executor. Paragraph 8 provided that the provisions of paragraphs 1 through 5 and 7 were intended to be final and that the provisions of paragraph 6 as to the disposition of the antique personalty would await either agreement of the parties or further court order after a hearing.

Within one week after entry of the partial final order, counsel for the caveators informed the probate court that he had not had an opportunity to review it. As a result, on August 30, 1999, the probate court entered another order, sua sponte, setting aside the partial final order and declaring it null and void, on grounds that it had been prepared by the father's attorney and, through error, the probate court had signed and filed the order before counsel for the caveators had an opportunity to review it. The order setting aside the partial final order stated that a proper consent order, reviewed and signed by the parties, would be considered by the court at a later date.

On May 9, 2000, after a final hearing, a final order was entered. The introductory part stated that it had been entered with the consent of the parties to the year's support proceeding "as to some issues." The first five paragraphs of the partial final order and the

[1] *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

final order cover the same subject matters. Paragraph 6 of the final order provided for disposition of those antique furnishings found to have exceptional worth through the inspection and appraisal. Paragraph 7 determined how the appraisal costs were to be borne. Paragraph 8 stated that, with the exception of the easement issue, the final order was "intended to be final in all respects."

Notably, the final order failed to carry forward the provisions of paragraph 7 of the earlier order requiring the father to appoint Pennington as executor of his will. And the father's last will and testament, dated June 28, 1999, had appointed petitioner as executor of his will. In March 2005, petitioner filed a petition in the Probate Court of Walton County to probate his father's will in solemn form. Caveators filed their caveat objecting, among other things, to appointment of petitioner as executor. In support of the caveat, the attorney who had represented the caveators in the year's support proceeding executed an affidavit in which he testified that he was not aware that the partial final order had been set aside, that it was his understanding that its provision relating to appointment of Pennington as executor of the parties' father's estate remained in effect, and that he had never consented to removal of this requirement. And it appears without contradiction that, in preparing the final order, the father's attorney omitted the provision requiring appointment of Pennington as executor because he too believed that this issue had been finally resolved in the partial final order and that the partial final order remained in effect.

Nonetheless, the probate court dismissed the caveat to the will and granted petitioner leave to qualify as executor of the father's estate, on grounds that none of the parties involved in the year's support proceeding had filed a motion to set aside the order that set aside the partial final order and that the partial final order therefore remained null and void. The caveators filed a de novo appeal and demand for jury trial in superior court. The superior court, however, granted the petitioner's motion for summary judgment. Because the superior court found that the first five paragraphs of the partial final order and the final order were duplicates of one another with the sixth paragraph covering the same subject matter, and that paragraph 8 of the final order provided that it was to be "final in all respects" except as to the easement issue, the superior court concluded that as a matter of law the final order supplanted rather than supplemented the partial final order except as to the easement issue and that the omitted provision relating to appointment of Pennington as executor is no longer in force. As a result, the superior court did not consider the issue of the validity of the order setting aside the partial final order.

1. The caveators first contend that the superior court erred in concluding that as a matter of law the probate court's final order supplanted rather than supplemented the partial final order. We agree.

Clearly, as the style of the partial final order would indicate, it was intended to be partially final, i.e., final as to certain of the provisions, and that remaining issues would be finalized in the final order. Thus, the fact that the final order stated that it was "final" in all respects does not resolve the question presented here, which is whether it was intended to be "complete" in all respects. The fact that the final order covered the same matters as certain provisions of the partial final order, i.e., paragraphs 1 through 5, while omitting another provision, i.e., paragraph 7, does provide a basis for concluding that the parties intended the final order to supplant the partial final order with respect to the omitted provision. Alternatively, because the final order nowhere expressly states that it was intended to supplant the partial final order, it could be argued that the final order's silence on the issue evinced an intent to continue the provision in effect.[2] Indeed, extrinsic evidence has been presented showing that the attorney who prepared the final order omitted paragraph 7 because he thought the partial final order remained in effect and the opposing attorney did not object because that was his understanding too. Clearly, therefore, the parties did not intend the settlement agreement that became the final order to extinguish the agreement incorporated into the partial final order.[3] In addition, even though the probate court had entered an order nullifying and setting aside the partial final order, the final order recognized the continuing vitality of the partial final order insofar as it concerned certain easement issues. Under these circumstances, at a minimum there is an ambiguity and a material issue of fact as to whether the final order was intended to supplant or to supplement the partial final order.

2. The superior court also erred in concluding that, as a matter of law, paragraph 7 of the partial final order cannot be given effect.

At the outset, the caveators argue that the probate court entered the order setting aside the partial final order sua sponte without notifying counsel for any of the parties, thereby violating notice requirements of OCGA § 15-6-21 (c). Where such notice is not sent, an action may be brought to set aside the judgment.[4] But as argued

---

[2] Cf. *Shepherd v. Shepherd*, 236 Ga. 425 (223 SE2d 818) (1976).

[3] See *Wiederhold v. Wheeler*, 266 Ga. App. 178, 180 (596 SE2d 703) (2004) (essential to a novation is agreement of all parties to new contract to extinguish old contract).

[4] *Wal-Mart Stores v. Parker*, 283 Ga. App. 708-709 (642 SE2d 387) (2007), citing *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (269 SE2d 426) (1980).

by the petitioner, OCGA § 9-11-60 (f) provides that a motion to set aside a judgment must be brought within three years from entry of the judgment.[5] Nonetheless, as pointed out by the caveators, OCGA § 9-11-60 (g) authorizes trial courts to correct clerical mistakes in judgments and errors arising from oversight or omission "at any time" and, where a mutual mistake is admitted by all parties to a consent judgment, OCGA § 9-11-60 (g) authorizes the court that rendered the judgment to correct the mistake.[6] Therefore, if the trier of fact were to find that the intent of the final order was to supplement rather than supplant the partial final order, OCGA § 9-11-60 (g) provides the basis to correct the mistaken omission of the partial final order's paragraph 7 from the final order.[7] We thus reverse the judgment and remand the case for further proceedings.

*Judgment reversed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 27, 2008.

*John L. Strauss*, for appellants.
*David S. Walker, Jr.*, for appellee.

---

[5] *Morgan v. Starks*, 214 Ga. App. 265, 267 (447 SE2d 651) (1994).

[6] *Smith v. Smith*, 230 Ga. 238, 240 (196 SE2d 437) (1973).

[7] See generally *Sanson v. State Farm Fire &c. Co.*, 276 Ga. App. 555 (623 SE2d 743) (2005).